UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DR. TRESSA R. GLOVER,
Plaintiff,

vs.

GREAT AMERICAN INSURANCE
COMPANY OF CINCINNATI, OH, et al.,
Defendants.

Case No. 1:18-cv-515
Dlott, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff, a resident of West Columbia, South Carolina, brings this pro se civil action against Great American Insurance Company of Cincinnati, Ohio, CubeSmart Storage, Debbie Gunter, Joe Gunter, and Brenda Gunter. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Hill,* 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se complaint is rambling and difficult to decipher. The complaint alleges the following:

> Plaintiff was defrauded repeatedly, and then stolen from again September 2015 by CubeSmart Storage.
>
> CubeSmart Storage did commit Insurance Breach of Contract, Conversions of Negotiable Instruments Submitted for Monthly Storage Payments to Personal Usages, Financial Institution Fraud, Misappropriation of Funds, Money Laundering, Made a False Record to the Customer With The Intent to Deceive, etc.
>
> CubeSmart Storage breached the insurance contract, stole monthly storage payments, misappropriated payments beginning March 2015, throughout, and stole the entire storage unit contents.
>
> CubeSmart Storage had a history of intentionally misappropriating payments, and other crimes, and their criminal history was noticed previously during the year 2014 throughout.
>
> CubeSmart Storage was informed October 2015 that the contents of storage unit number 60 contents would be removed in its entirety and the business with CubeSmart would end, of which CubeSmart Storage obstructed the Customer's access to the storage unit through the present date. . . .

(Complaint, Doc. 1-1 at 1). Plaintiff alleges "the customer's account was paid in full each month. . . ." (*Id.*). The complaint further alleges:

> Greater American Insurance Company coverage include fraud by employees.

3

> October 29, 2015 - CubeSmart Storage Manager Debbie Gunter lied, forged and falsified the Customer's statement of account to reflect missing payments, fraudulent payments of .28 cents, .32 cents, and other criminal acts and offenses.
>
> The Lexington County Sheriff Department Information Technology Department employee Lindsey Nicole Lee was responsible for the online police reports system was found dead on Tuesday, March 14, 2017, in her home by a locksmith, located at the 200 block of Haleywood Lane in West Columbia, South Carolina.
>
> November 2014, October 2015, and November 2015 Access to the Storage Unit was Wrongfully and Illegally Denied by American Storage/CubeSmart.
>
> American Storage/CubeSmart Storage illegally locked the storage unit, illegally accessed the storage unit, hazardously contaminated the storage unit, impersonated, sold, stole and forged contents from the storage, and many other crimes.
>
> Great American Insurance Company did not provide the proper Claims Forms, nor come on-site to conduct the proper investigation.
>
> Great American Insurance Company only provided the two page excel spreadsheet to list the items, the items place of purchase, the items age, the items value at purchase, and the items replacement value, totaling $44 million dollars insurance settlement for storage financial frauds, storage thefts, electronic, wire, identity, bank frauds, harassments, deceit, etc., that is owed to the Customer at present. Additional fees and costs will also be assessed by the United States Attorneys Offices, United States Federal Courts, etc.

(Id. at 5). The 41-page complaint includes similar allegations of wrongdoing by CubeSmart and includes other information that does not appear to be related to the state court breach of contract and fraud claims. These include obituaries, emails, a listing of bankruptcy cases, and the names of hundreds of individuals, including government officials. Plaintiff seeks $44 million in damages.

Plaintiff's allegations are insufficient to state a claim with an arguable basis in law over which this federal Court has subject matter jurisdiction.

First, to the extent plaintiff may be invoking the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. In order for diversity jurisdiction pursuant to § 1332(a) to lie, the citizenship of the plaintiff must be "diverse from the

4

citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967)); *see also Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967); *Winningham v. North American Res. Corp.*, 809 F. Supp. 546, 551 (S.D. Ohio 1992). In this case, it is alleged that plaintiff is a resident of South Carolina. Plaintiff alleges that defendants CubeSmart and Debbie Gunter are also residents of South Carolina, and defendant Great American Insurance Company is a resident of Ohio. Plaintiff does not state the addresses of the remaining defendants, so the citizenship of these defendants is unknown. Even if the remaining defendants are not citizens of South Carolina, there is no complete diversity of citizenship because plaintiff and two of the defendants are South Carolina citizens. Therefore, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Second, the Court is without federal question jurisdiction over the complaint against the defendants. District courts also have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief against these defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 7/31/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DR. TRESSA R. GLOVER,
Plaintiff,

vs.

GREAT AMERICAN INSURANCE
COMPANY OF CINCINNATI, OH, et al.,
Defendants.

Case No. 1:18-cv-515
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).